UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHANNA ORTIZ,

                Plaintiff,                        **MEMORANDUM AND ORDER**

       v.                                         21-CV-341 (RPK) (VMS)

FRONTLINE ASSET STRATEGIES,
LLC and LVNV FUNDING, LLC,

                Defendants.
------------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      Plaintiff Johanna Ortiz filed this action against defendants Frontline Asset Strategies, LLC and LVNV Funding, LLC for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Defendants have moved to dismiss the complaint. Because plaintiff has not plausibly alleged a violation of the FDCPA, her claims are dismissed.

## BACKGROUND

      The following facts are drawn from the complaint and are assumed true for the purposes of this order.

      Defendant LVNV "is in the business of purchasing consumer debts which are in default and collecting on" them. Compl. ¶ 22. Defendant Frontline Asset Strategies, LLC, in turn, uses the mail to collect debts owed by others. *Id.* ¶¶ 17-22.

      On June 30, 2020, defendant Frontline Asset Strategies, LLC sent plaintiff a letter attempting to collect a debt of $35,662.97 owed to LVNV. *Id.* ¶¶ 37-39, 59; *see id.* 12-13 (copy of the letter attached to the complaint). The letter identifies the "Original Creditor" for the debt as Citizen's Bank N.A. and identifies the "Current Creditor" as LVNV Funding, LLC. *See id.* 12.

1

The letter also included the last four digits of plaintiff's account number with the original creditor, her last payment date, and the total due at the time that the debt was charged off. *Ibid.*

Based on her receipt of that letter, plaintiff brings three claims under the FDCPA. *See* Compl. 6-10. Although each of these claims invokes a different portion of the FDCPA, all three rest on the assertion that Ortiz is not indebted to LVNV. *Ibid.*; *see* Pl.'s Opp'n Mem. 2 (Dkt. # 12) ("Pl.'s Opp'n") ("These claims share a common nexus, *to wit*, that LVNV is not the original creditor of any loan made to Plaintiff and that Plaintiff is not otherwise indebted to LVNV.").

In setting out facts to support her claim that she was not indebted to LVNV, Ortiz does not dispute that she owed the amount in question to Citizen's Bank. Nor does she allege that she repaid her debt to Citizen's Bank. Rather, she alleges that she never applied for or received any money directly from LVNV. *Id.* ¶¶ 60-62, 74-82. She further alleges that Citizen's Bank never notified her that "any debt allegedly owed by" Ortiz was sold, assigned, or transferred to LVNV. *Id.* ¶¶ 96-98. And she alleges that LVNV never notified her that it had purchased, been assigned, or acquired any debt from Citizen's Bank. *Id.* ¶¶ 99-101. She therefore states that, "[u]pon information and belief," LVNV does not actually hold a "legally cognizable right, title, or interest" in any debt that she owed to Citizen's Bank. *Id.* ¶ 103.

Defendants have moved to dismiss. *See* Notice of Mot. to Dismiss (Dkt. #11).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) directs a court to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial "plausibility standard is not akin to a probability requirement," but it requires a plaintiff to allege sufficient facts to allow "the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ibid*. (quotations omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007)). "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof [of the facts alleged] is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (quotations omitted).

At the motion-to-dismiss stage, a court may consider only (i) the complaint itself, (ii) documents attached to the complaint or incorporated in it by reference, (iii) documents the plaintiff relied on and knew of when bringing suit, and (iv) matters in the public record that are subject to judicial notice. *See, e.g.*, *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004); *Leonard F. v. Israel Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999). When reviewing the complaint on a motion to dismiss, a court must accept all facts alleged in a complaint as true. *Iqbal*, 556 U.S. at 678. The court, however, is not obligated to adopt "mere conclusory statements" or "threadbare recitals of the elements of a cause of action" that are not "supported by factual allegations." *Id*. at 678-79.

## DISCUSSION

Plaintiff has failed to state a claim under the FDCPA. The FDCPA "authorizes private civil actions against debt collectors who engage in certain prohibited practices." *Rotkiske v. Klemm*, 140 S. Ct. 355, 358 (2019). These include attempting to collect a debt that a consumer does not owe, *see Vangorden v. Second Round, L.P.*, 897 F.3d 433, 442 (2d Cir. 2018), attempting to collect a debt from a consumer without identifying the creditor to whom the debt is owed, *see Bryan v. Credit Control, LLC*, 954 F.3d 576, 581 (2d Cir. 2020), and making false representations in connection with the collection of a consumer debt, *see Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 84 (2d Cir. 2018). Plaintiff advances each of these theories. *See* Compl. ¶¶ 54-

114. As plaintiff acknowledges, the basis for each of plaintiff's FDCPA claims is her assertion that she did not actually owe a debt to LVNV. *See* Pl.'s Opp'n 2.

Plaintiff has not adequately pleaded facts to support that contention. Plaintiff's assertion that she does not owe a debt to LVNV does not by itself surmount her burden of pleading facts to support her FDCPA claims, because it is "a legal conclusion, or at least a mixed allegation of law and fact, rather than a factual allegation." *Rosenberg v. Frontline Asset Strategies, LLC*, No. 21-CV-175 (BMC), 2021 WL 3617672, at *3 (E.D.N.Y. Aug. 16, 2021); *see Paracha v. MRS BPO, L.L.C.*, 18-CV-3892 (RRM) (SIL), 2019 WL 4736939, at *6 (E.D.N.Y. Sept. 27, 2019) (finding that the complaint's allegation that plaintiff "does not owe the debt" is merely a "restated claim[] disguised as [a] factual allegation[]" and is not entitled to "any weight").

Moreover, plaintiff does not plead other facts that render her claim that she did not owe a debt to LVNV plausible. Plaintiff expressly recognizes the LVNV is in the business of purchasing defaulted debts from other creditors. Compl. ¶ 22. She also acknowledges that the debt collection letter she received stated that LVNV had acquired the debt it was seeking to collect from Citizen's Bank, N.A. *Id.* ¶ 95. Because LVNV never claimed to be the original holder of plaintiff's debt—but instead explicitly stated that the original creditor was Citizen's Bank, *see id.* 12—plaintiff's allegation that she did not apply for or receive money directly from LVNV, *id.* ¶¶ 60-62, 74-82, falls far short of plausibly alleging that she did not owe LVNV the debt it was seeking to collect.

And plaintiff's complaint is bereft of plausible allegations that LVNV did not actually acquire the debt in question from Citizen's Bank. Plaintiff does not allege, for example, that she did not become indebted to Citizen's Bank for the amount at issue, or that she repaid her debt to that bank. And she does not offer "factual allegations suggesting that [LVNV] is a fraudulent enterprise that masquerades as a debt-buyer to fleece consumers, or that there was some

4

irregularity in the acquisition of plaintiff's original debt that deprives [LVNV] of ownership and precludes collection." *Rosenberg*, 2021 WL 3617672, at *3 (citing *Saldana v. Resurgent Capital Services, LP*, No. 20-CV-1879 (BRM) (ESK), 2020 WL 6375792, at *6 (D. N.J. Oct. 30, 2020)).

In sum, absent some additional supporting facts, Ortiz's claim that LVNV is not the correct owner of her debt is merely *possible*—not plausible. *See Iqbal*, 556 U.S. at 678. Like other courts confronted with similar allegations, I conclude that plaintiff has failed to state a claim. *See Rosenberg*, 2021 WL 3617672, at *3-8 (reaching the same conclusion); *Park v. Dynamic Recovery Sols., LLC*, No. 20-CV-1671 (ENV) (JO), 2021 WL 3603435, at *5 (E.D.N.Y. Aug. 13, 2021) (reaching the same conclusion).

## CONCLUSION

Plaintiff's FDCPA claims are dismissed without prejudice. Plaintiff may file a motion seeking leave to file a second amended complaint within thirty days. Any such motion should include the proposed second amended complaint as an exhibit and explain why leave to amend should be granted. If plaintiff does not seek leave to amend within thirty days, judgment shall be entered.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: March 29, 2022
       Brooklyn, New York